**Mahinder S. UBEROI, Plaintiff–Appellant,**

v.

**CITY OF BOULDER; K. Yokomizo-burton; Don Spicely; Gretchen King, Defendants–Appellees.**

Mahinder S. Uberoi, Plaintiff–
Appellant,

v.

Henry F. Anton; Maureen Johnson Edi-
ger; Susan C. Kirk; Tom Lucero; Jim
Martin; Norwood L. Robb; Jerry G.
Rutledge; Robert Sievers; Peter Ste-
inhauer; John Buechner; Richard
Byyny; Phillip Distefano; Ross Coro-
tis; Michael Lightner; William M.
Marine; Thomas J. Napierkowski;
Robert L. Lorch; Robley D. Rhine,
Defendants–Appellees.

Nos. 03–1498, 03–1500.

United States Court of Appeals,
Tenth Circuit.

Oct. 18, 2004.

Bernard R. Woessner, Nathan, Bremer,
Dumm & Myers, Lawrence D. Stone,
Christian D. Hammond, Dufford & Brown,
Joanne M. McDevitt, Office of University
Counsel University of Colorado, Denver,
CO, Michael W. Schreiner, for Defen-
dants–Appellees.

Mahinder S. Uberoi, Boulder, CO, pro
se.

Before McCONNELL, HOLLOWAY,
and PORFILIO, Circuit Judges.

ORDER AND JUDGMENT*

JOHN C. PORFILIO, Circuit Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously that oral argument would not ma-
terially assist the determination of these
appeals. See Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The cases are therefore
ordered submitted without oral argument.

Plaintiff Mahinder S. Uberoi appeals the
district court's dismissal of his two civil
complaints for failure to comply with
standing orders requiring him to retain a
licensed attorney, and its denial of several
post-dismissal motions challenging the dis-
missals. The two appeals have been con-
solidated for procedural purposes, and we
affirm.

Because of the numerous frivolous and
vexatious suits plaintiff had filed pro se,
the United States District Court for the
District of Colorado entered a permanent
injunction against him in 1989 prohibiting
him from proceeding as the proponent of
any civil claim in the federal district of
Colorado without representation by a li-
censed attorney The injunction was upheld
on appeal. Bd. of Regents v. Uberoi, Nos.
89–1117, 89–1304, 89–1337, slip. op. (10th
Cir. May 25, 1990) (unpublished disposi-
tion). In 2002, plaintiff, proceeding pro se,
filed the two civil complaints now at issue.
The district court denied plaintiff's re-
quests to vacate or modify the 1989 perma-
nent injunction, ruling the injunction re-
mained valid and enforceable. The district
court gave plaintiff thirty days to retain
counsel or face dismissal of his complaints.
Plaintiff appealed that order, and this
court affirmed. Uberoi v. City of Boulder,
64 Fed.Appx. 169 (10th Cir.2003) (unpub-
lished disposition).

The district court then gave plaintiff an
additional thirty days to retain counsel.
When plaintiff failed to do so, the court
dismissed the two complaints. Plaintiff
filed three post-dismissal motions: the
first sought to amend the order of dismiss-
al because he was unable to retain counsel,
the second sought to disqualify the district

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of

orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

court judge, and the third sought to select a judge from a different federal judicial district to hear the disqualification motion. The district court denied all three motions.

This court reviews a dismissal for noncompliance with court orders for abuse of discretion. *See Jones v. Thompson,* 996 F.2d 261, 264 (10th Cir.1993). Plaintiff continues to relitigate the propriety of the injunction, raising the same issues and arguments previously rejected in his prior appeals. As this court has held, these arguments are foreclosed by the doctrine of collateral estoppel. *See Uberoi,* 64 Fed. Appx. at 173. We reject plaintiff's accusation that Judge Kane should have disqualified himself under 28 U.S.C. § 455, because no reasonable factual basis exists for calling the judge's impartiality into question. *See United States v. Cooley,* 1 F.3d 985, 993 (10th Cir.1993).

The judgment of the district court is AFFIRMED.